# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

**VERSUS**                                               **CRIMINAL ACTION NO. 1:08CR121-P-D**

**DAMION LUNDY**

## ORDER

This cause is before the Court on the defendant's Motion for Bail Pending Appeal [70]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant seeks release on bond pending appeal pursuant to 18 U.S.C. § 3143(b). As provided by the statute, a person who has been adjudged guilty of an offense should be detained pending appeal <u>unless</u> the Court determines

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person in the community if released under section 3142(b) or (c) of this title and;
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

Given that this Court permitted defendant to remain on bond pending sentencing and his self-surrender date, there is little question that defendant Lundy is neither a flight risk nor a danger to the safety of others in the community if he were to be released pending appeal (a necessary finding

under subparagraph (A). However, based on the record before it, defendant has failed to make the requisite showing that the appeal is not being prosecuted for the purpose of delay <u>and</u> that it raises a substantial question of law or fact likely to result in either reversal or an order for a new trial as set out in subparagraphs (B)(i) and (ii).[1] [2] Under the circumstances presented, the Court finds that the defendant is not entitled to the relief requested. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Bail Pending Appeal [70] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 27th day of January, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Defendant has made no argument respecting the possible applicability of subparagraphs (B)(iii) and (iv).

[2] The only basis for appeal articulated by defendant is the undersigned's exclusion of his expert's testimony based on his counsel's failure to disclose the identity of the expert and a written summary of the witness' testimony as required by F.R.Cr.P. 16(b)(1)(C). Given the defendant's failure to comply with the applicable discovery rule and the fact that the government was unaware of his intent to call an expert witness until mid-trial and that the decision whether to admit or exclude testimony or other evidence is committed to the sound discretion of the trial judge, the ground stated does not raise a "substantial" question of law or fact.