IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DAMION LUNDY**     MOVANT

v.     No. 1:08CR121-SA-DAS

**UNITED STATES OF AMERICA**     RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the motion of Damion Lundy to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, Lundy has replied, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### Facts and Procedural Posture

Damion Lundy was indicted on October, 23, 2008, in a one-count indictment charging him with the use of facilities in interstate commerce to attempt to persuade induce or entice a minor female to engage in illegal sexual activity under 18 U.S.C. § 2422(b) [1]. The case went to trial December 16-18, 2009, but resulted in a mistrial [35] because the jury could not reach a verdict. The parties tried the case again on July 12-14, 2010, and the jury convicted [60] Damion Lundy of the lone count of the indictment. On December 2, 2010, the court sentenced [66] Lundy to 120 months incarceration for his crime. Lundy appealed [68] his conviction on December 15, 2010. The United States Court of Appeals, Fifth Circuit, affirmed [88] his conviction on March 28, 2012. *United States v. Lundy*, 676 F.3d 444 (5th Cir. 2012). Lundy filed the instant Motion to Vacate, Set Aside, or Correct Sentence on May 6, 2013.

In the instant § 2255 motion, Lundy argues that counsel was ineffective for committing a discovery violation, thus preventing the use of an expert witness to impeach the government's main witness against him. The government's case rested largely on the testimony of Officer Giroux, who posed as an underage girl and conversed with Lundy through text messages, instant messages, and

chat. Through communications with Officer Giroux, whom Lundy believed to be a girl 15 years old, Lundy traveled to a prearranged location (a Cracker Barrel restaurant) to meet, and he was arrested for using facilities in interstate commerce to attempt to persuade induce or entice a minor female to engage in illegal sexual activity. Transcripts of the content of the electronic communications between Lundy and Giroux made up the bulk of the documentary evidence against Lundy. Attacking Giroux's credibility was defense counsel's main strategy.

Defense counsel tried to call Dr. Mark Dibiase as an expert witness in the field of data recovery and internet connectivity. Trial Transcript, Vol. 3, p. 317-318. The government objected because the defense had not turned over the appropriate discovery documents to use Dr. Dibiase as an expert, and the government could not properly prepare its case in the absence of those documents. *Id.* at 322, 329. The defense wished to use the testimony of Dr. Dibiase to show "how easily both screen names and archive files can be manipulated" and how "the method used in this case to collect the instant messages is not the reliable way to do so." *Id.* at 327. After hearing defense counsel's proffer of Dr. Dibiase's testimony, the court would not permit him to testify – in large part because of the discovery violation, but also because the court was not convinced that the content of Dr. Dibiase's testimony fell within his stated area of expertise. *Id.* at 329. Even in the absence of Dr. Diabase's testimony, counsel argued during closing that, as the electronic communication logs were simply downloaded into text format, then Officer Giroux (or someone else) could have altered the logs in a way that incriminated Lundy. Counsel's only theory as to Giroux's motive to do so was to improve his chances of getting a conviction in the case. *Id.* at 383.

### Ineffective Assistance of Counsel

Mr. Lundy argues that counsel was ineffective in failing to turn over the proper information regarding expert witness Dr. Mark Dibiase, thus leading to the court's decision to exclude his testimony. The court must address claims of ineffective assistance of counsel under the two-prong test

set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient and that the deficiency resulted in prejudice to his defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

Lundy's defense attorney admitted to the court that the defense failed to comply with the rules of discovery regarding Dr. Dibiase. As such, Lundy has shown that counsel's performance was deficient, and he has met the first prong of the *Strickland* test. Lundy has not shown, however, that had he been able to call Dr. Dibiase, then he would have been acquitted. As such, Lundy has not proven that counsel's mistake caused him prejudice.

Even if Dr. Dibiase would have testified in a manner consistent with counsel's proffer – and even if the jury believed him – that would only have established that a person could easily have edited the chat, instant message, and text message logs. Defense counsel tried – throughout the trial and during closing arguments – to convince the jury that Officer Giroux altered the documents. She could not, however, offer a convincing motive for Giroux to have done so. In addition, there were many communications between Lundy and Giroux – most of which were incriminating. As such, Giroux

would have had to perform a great deal of editing to falsely incriminate Lundy. Further, Lundy has never offered a reason why Giroux might have targeted him. Finally, defense counsel was able to establish that the chat, instant message, and text message logs were downloaded into files that could be edited with Microsoft Word – and pointed this fact out during closing arguments. As such, the jurors heard the information, just not from Dr. Dibiase. Put simply, the testimonial and documentary evidence adduced against Lundy in this case was substantial, and Dr. Dibiase's testimony would have done little to undermine that evidence. Damion Lundy has not met the standard to prove that counsel was constitutionally ineffective, and this claim must therefore be dismissed.

## Conclusion

In sum, Damion Lundy's claim that trial counsel was ineffective is without merit, and the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 2nd day of March, 2015.

 /s/ Sharion Aycock
 **U.S. DISTRICT JUDGE**